SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD M. FREEMAN, Cal. Bar No. 61178
rfreeman@sheppardmullin.com
REBECCA S. ROBERTS, Cal. Bar No. 225757
rroberts@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  858.720.8900
Facsimile:   858.509.3691

Attorneys for Twenty-Nine Palms Band of Mission Indians

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>Gary Kovall, David Alan Heslop, Paul Phillip Bardos, and Peggy Anne Shambaugh,<br><br>    Defendants. | Case No. CR 12-000441-MWF<br><br>**TWENTY-NINE PALMS BAND OF MISSION INDIANS' STATEMENT REGARDING AUGUST 2, 2013 PRODUCTION**<br><br>Date:   August 5, 2013 |

In response to the Court's request for a status update and in conjunction with its August 2, 2013 production, the Tribe herein provides the following statement:

General Background

1. On July 19, 2013 during a conference call with the Court, the Tribe agreed to produce specified documents to the parties on August 2, 2013 and the Court continued the hearing on the Tribe's Motion to Quash to August 5, 2013 at 11:30 a.m. On July 30, 2013, Ms. Plessman, counsel for Defendant Helsop, sent an email asking the Tribe to provide a description of the documents to be produced and other information by August 1, 2013. See Exhibit 1. The Tribe provided this information on August 1 and specifically identified the documents to be produced.

See Exhibit 2. On August 2, 2013, the Tribe electronically produced the designated documents to all parties through a secure file email so that the parties would have immediate access to the documents. See Exhibit 3. Below is a description of the documents produced.

Meeting Minutes

2. The Tribe conducted a *de novo* search for all additionally responsive meeting minutes for all committees identified in the outstanding subpoenas. It is likely that most if not all of these minutes have already been produced in the underlying civil litigation and/or in the government production. To the extent that the Tribe was able to quickly identify corresponding bates labels for these minutes indicating that they were previously produced, the Tribe provided this information to Defendant Helsop in its August 1, 2013 letter. See Exhibit 2.

3. In addition, the Tribe produced additional minutes for the following: (1) Tribal Council, (2) Subcontractor Meetings, (3) Tribe's Construction Meetings, (4) the Tribal Development Committee, (5) Executive Committee/Owners, and (6) Gaming Commission. The specific dates of the minutes produced are identified in Exhibit 2. The Tribe did not identify any additional minutes for the Enterprise Corporate Board of Directors or the Tribal Risk Management Committee.

4. Although these minutes contain non-relevant information, the Tribe, in good faith, produced complete copies of these minutes. These minutes were produced subject to the Protective Order agreed to by the parties and executed by the Court on July 30, 2013. Pursuant to FRE 501 *et seq.*, the Tribe has redacted privileged information and/or communications contained in the minutes produced and no inadvertent production of privileged and/or otherwise protected information constitutes waiver of privilege. Minutes from attorney-client meetings have also been withheld from production.

5. Additionally, pursuant to Defendant Heslop's request, the Tribe agreed to produce complete copies of minutes previously produced by Dean and

1 Darrell Mike to the extent that they contained redactions of sensitive financial
2 information or withheld non-responsive discussions.
3    6.   The minutes identified and produced represent all the additional
4 minutes the Tribe was able to locate. In his June 28, 2013 meet and confer letter,
5 Defendant Helsop identified dates of alleged meetings to which he had not located
6 corresponding minutes. It is the Tribe's understanding that these dates were simply
7 based on the calendar years for 2006-2009. To the extent that the minutes produced
8 do not correspond with Mr. Heslop's listed dates, it is likely because meetings did
9 not occur on these days or minutes from these meetings are no longer in the Tribe's
10 possession.

### AS 400 Reports

12    7.   The Tribe also produced AS 400 reports for all construction
13 projects for the years 2007 – 2011. These reports identify the specific job numbers
14 for each project. The Tribe has redacted privileged information contained in these
15 reports reflecting payments to their attorneys.

### Resolutions/Ordinances

17    8.   The original subpoenas requested production of all ordinances
18 and resolutions referring to the defendants or any construction or land purchase
19 matters, dated between September 1, 2006 and August 1, 2009. In his June 28 meet
20 and confer letter, Defendant Helsop provided a list of ordinances and resolutions
21 produced by the government to the Tribe and asked the Tribe to review it. Counsel
22 for the Tribe reviewed the list and is unaware of any additional ordinances or
23 resolutions which refer to the defendants or any construction or land purchase
24 matters between September 1, 2006 and August 1, 2009 that are not included on the
25 list.

### Keith Shibou's Report

9. In his June 28, 2013 letter, Defendant Helsop identified 4 categories of documents which allegedly pertain to the September 2009 report by Keith Shibou:

> Documents supporting CEI's purported estimate that the co-gen shell project was only 7% complete when Bardos was terminated;
>
> Documents supporting CEI's purported estimate that the bathroom remodeling project was 30% complete when Bardos was terminated;
>
> Progress billings from subcontractors charged on [the casino addition] contract;
>
> Documents supporting Mr. Shibou's contention that there were overcharges of $150,000 on the casino addition project.

10. As the Tribe stated in its reply brief, and produced as an exhibit, the CEI estimates were produced in the Cadmus dispute.

11. Additionally, the progress billings from subcontractors charged on the casino addition contract is not covered by the original subpoena. The report expressly states that Mr. Shibou had not reviewed such billings at the time he prepared the report. Furthermore, all subcontractor progress billings were produced in the Cadmus arbitration, **by Bardos.** In any event, this information is reflected in the AS 400 reports.

12. Lastly, this preliminary report was generated nearly 4 years ago making it impossible to retrace the specific documents Mr. Shibou initially reviewed. The Tribe will not agree to produce these documents.

13. The Tribe has in good faith conducted a thorough, *de novo* search for responsive documents and produced complete copies of the documents requested. Assuming that Defendants have no further objection to the Tribe's production, it is the Tribe's position that the Motion to Quash can be taken off calendar.

Dated: August 2, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *Rebecca Roberts*
RICHARD M. FREEMAN
REBECCA S. ROBERTS
Attorneys for Twenty-Nine Palms Band of Mission Indians